Filed 10/29/25  Singh v. Patel CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| ROHIT SINGH, | B342605 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 24STCV10334) |
| v. | |
| DAHYABHAI M. PATEL et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Steve Cochran, Judge. Affirmed.

Bhakta Law Firm and Ankit H. Bhakta for Plaintiff and Appellant.

Thakur Law Firm and Pamela Tahim Thakur for Defendants and Respondents.

_____

Plaintiff Rohit Singh appeals the trial court's judgment in his malicious prosecution action against Defendants Dahyabhai M. Patel, Kanta Patel, and Shivani Patel.[1] We conclude the trial court did not err in granting defendants' Code of Civil Procedure section 425.16[2] special motion to strike. We affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

On February 2, 2023, Dahyabhai and Kanta filed a complaint in the United States District Court for the Central District of California. It alleged Singh, Bharat Patel, and Jai Prabhu, LLC withheld their mail, entered their residence without permission while they were on vacation, and damaged their property. (See 42 U.S.C. § 1983; 18 U.S.C. § 1961.) Bharat Patel is Dahyabhai's and Kanta's son and is the father of Shivani. He leases a motel in El Monte from Dahyabhai; Singh is the property management consultant for the motel.

On March 7, 2023, Shivani filed a request for a civil harassment restraining order in the Superior Court of Los Angeles, seeking to protect Kanta, Dahyabhai, herself, and her boyfriend from Singh.[3] (See § 527.6, subd. (a)(1).) She said Singh made a sexually suggestive comment to her, "made unwanted

---

[1]    We use defendants' first names when we refer to them individually.

[2]    Undesignated statutory references are to the Code of Civil Procedure.

[3]    Defendants provided a copy of the temporary restraining order to the trial court. We granted Singh's request to take judicial notice of other documents associated with the order, including Shivani's request for a restraining order and the court's May 17, 2023, order denying the request.

sexual advances" on several occasions, threatened to shoot her boyfriend, "forcefully put his hand between [her] legs" when they were in a car together, and "broke into [her] house while [her] grandparents were away." The court granted a temporary restraining order (TRO). After a hearing on May 17, 2023, the court denied Shivani's request for an order of protection and dissolved the TRO.

Several months later, in December 2023, the court dismissed the complaint in the federal action with leave to amend. Later that month, Dahyabhai and Kanta voluntarily dismissed the federal action without prejudice.

In April 2024, Singh filed the present action for "wrongful use of civil proceedings." Even though Dahyabhai and Kanta had filed the federal action and Shivani had filed the restraining order request, Singh alleged the trio were all actively involved in bringing both actions. He further alleged both actions terminated in his favor, defendants had no reasonable grounds for either, and defendants filed them maliciously.

Defendants moved to strike both of Singh's causes of action pursuant to section 425.16—widely known as an "anti-SLAPP motion." (See *Rusheen v. Cohen* (2006) 37 Cal.4th 1048, 1055 (*Rusheen*).) They argued Singh's claims arose from their protected activity in filing civil litigation and lacked minimal merit. Singh opposed, arguing defendants' filings were not protected by the anti-SLAPP statute because they were based on "false allegations of criminal conduct," and even if they were protected, his malicious prosecution claims had sufficient merit to proceed. He submitted a declaration in support of his opposition stating: (1) Shivani's restraining order request "was false and malicious" and contained "contrived and fabricated" statements;

3

and (2) the federal action had "no basis in fact," "was filed to harass and intimidate [Singh]," and was "driven by greed and hostility towards [Bharat Patel] related to their family business."

After a hearing, the trial court granted defendants' motion. First, the court explained the filing of the federal action and the restraining order request were protected activity under section 425.16, and there was no evidence conclusively establishing either action was illegal. Second, the court concluded Singh could not show "defendants acted without probable cause and with malice" in bringing those actions, as required for his malicious prosecution causes of action.

Judgment was entered on October 17, 2024. Singh timely appealed. (See Cal. Rules of Court, rule 8.104(a)(1)(A).)

## DISCUSSION

## I. The Trial Court Did Not Err in Granting the Anti-SLAPP Motion

California's anti-SLAPP statute "provides a procedure for weeding out, at an early stage, *meritless* claims arising from protected activity." (*Baral v. Schnitt* (2016) 1 Cal.5th 376, 384 (*Baral*); see also § 425.16, subd. (b)(1).) A court's analysis of an anti-SLAPP motion proceeds in two steps. (*Baral*, at p. 384.) "First, the defendant must establish that the challenged claim arises from activity protected by section 425.16." (*Ibid.*) If the defendant succeeds, "the burden shifts to the plaintiff to demonstrate the merit of the claim by establishing a probability of success." (*Ibid.*; see also *Equilon Enterprises v. Consumer Cause, Inc.* (2002) 29 Cal.4th 53, 61.) At that step, the court undertakes "a 'summary-judgment-like procedure' " in which "[i]ts inquiry is limited to whether the plaintiff has stated a legally sufficient claim and made a prima facie factual showing

4

sufficient to sustain a favorable judgment." (*Baral*, at pp. 384–385.) The plaintiff's evidence is accepted as true. (*Id.* at p. 385; see *Oasis West Realty, LLC v. Goldman* (2011) 51 Cal.4th 811, 820.) "However, speculative inferences not supported by the evidence proffered need not be considered." (*Monster Energy Co. v. Schechter* (2019) 7 Cal.5th 781, 795.)

As a threshold matter, Singh's briefing is pervaded by his assumption a court must necessarily accept everything in his declaration as true. But that is not the law. Rather, an anti-SLAPP plaintiff's " 'proof must be made upon competent admissible evidence.' " (*Sweetwater Union High School Dist. v. Gilbane Building Co.* (2019) 6 Cal.5th 931, 940 (*Sweetwater*); see also *id.* at p. 947.) "[D]eclarations that lack foundation or personal knowledge, or that are argumentative, speculative, impermissible opinion, hearsay, or conclusory are to be disregarded." (*Gilbert v. Sykes* (2007) 147 Cal.App.4th 13, 26.)

Singh also argues the standard the trial court used for its ruling was unclear. We do not agree. While the court's minute order was succinct, the court plainly determined defendants' "[a]ctivity is protected" and Singh failed to make an adequate showing of the merits of his causes of action. "We . . . presume the court knew and properly applied the law absent evidence to the contrary," (*McDermott Will & Emery LLP v. Superior Court* (2017) 10 Cal.App.5th 1083, 1110), and here, the transcript of the hearing makes abundantly clear the trial court knew and duly applied the governing anti-SLAPP standards.

### A. Standard of Review

"We review de novo the grant or denial of an anti-SLAPP motion." (*Park v. Board of Trustees of California State University* (2017) 2 Cal.5th 1057, 1067.)

5

## B. Defendants Showed Singh's Claims Arose from Their Protected Activity

It is the defendant's burden to make "a threshold showing that the challenged cause of action arises from protected activity." (*Rusheen*, *supra*, 37 Cal.4th at p. 1056; see also *Navellier v. Sletten* (2002) 29 Cal.4th 82, 89 (*Navellier*).) The appropriate focus of that inquiry is on "the defendant's *activity* that gives rise to his . . . asserted liability." (*Navellier*, at p. 92.)

Singh does not dispute his claims against defendants arise from their filing of the federal action and the restraining order request against him. The Supreme Court has already held that " ' " 'the basic act of filing litigation' " ' " is a protected activity for purposes of the anti-SLAPP law. (*Navellier*, *supra*, 29 Cal.4th at p. 90; see *Kenne v. Stennis* (2014) 230 Cal.App.4th 953, 966 ["[t]here is no question that the filing of a civil harassment petition constitutes protected activity"].) "This action therefore falls squarely within the ambit of the anti-SLAPP statute's 'arising from' prong." (*Navellier*, at p. 90.)

Singh does not seriously challenge that conclusion, but he instead argues the federal action and the restraining order request are not protected by the anti-SLAPP law because they were "illegal as a matter of law." It is true that the anti-SLAPP law does not apply "where either the defendant concedes the illegality of [his] conduct or the illegality is conclusively shown by the evidence." (*Flatley v. Mauro* (2006) 39 Cal.4th 299, 316.) But that narrow exception does not apply here because defendants have never conceded they engaged in any illegal activity, and Singh has presented no conclusive evidence otherwise.

As to the federal action, Singh argues it "involve[s] serious and blatantly false allegations of sexual harassment, assault, and

6

abuse—which is criminal conduct in California." However, the federal complaint contains no allegations of sexual harassment, assault, or abuse. Because Singh's brief does not adequately support his argument that the filing of the federal action was illegal, we do not consider that issue further. (See *WFG National Title Ins. Co. v. Wells Fargo Bank, N.A.* (2020) 51 Cal.App.5th 881, 894–895 ["we may disregard conclusory arguments" unsupported by accurate record citations].)

As to the restraining order request, Singh argues Shivani made false statements in that document and thereby violated Penal Code sections 118, 134, and 148.5. Singh points to his own declaration's conclusory assertions Shivani's statements were "false," "malicious," "contrived," and "fabricated." Even assuming Singh's characterizations amounted to competent evidence Shivani's statements were false, Singh does not explain how his declaration "conclusively" establishes Shivani violated those Penal Code provisions as a matter of law. In fact, he makes no effort even to identify the elements of those crimes, let alone point to facts showing Shivani acted with the requisite state of mind when she filed the restraining order request.

Thus, the trial court correctly determined Singh's claims arose from defendants' protected activity.

### C. Singh Failed to Sufficiently Show Defendants' Prior Actions Were Brought Without Probable Cause

Singh's claims are for malicious prosecution. A malicious prosecution cause of action has three required elements: "the prior action (1) was commenced by or at the direction of the defendant and was pursued to a legal termination favorable to the plaintiff; (2) was brought without probable cause; and (3) was

7

initiated with malice." (*Soukup v. Law Offices of Herbert Hafif* (2006) 39 Cal.4th 260, 292 (*Soukup*).) To defeat defendants' anti-SLAPP motion, Singh had to show his claims were " ' " ' 'supported by a sufficient prima facie showing of facts to sustain a favorable judgment if the evidence submitted by the plaintiff is credited.' " ' " (*Drummond v. Desmarais* (2009) 176 Cal.App.4th 439, 449.) That is, he had to make a sufficient prima facie showing of each required element. (See *Billauer v. Escobar-Eck* (2023) 88 Cal.App.5th 953, 964–965 ["the absence of a necessary element" causes the plaintiff's claim to fail as a matter of law].)

In a malicious prosecution cause of action, "the probable cause element calls on the trial court to make an objective determination of the 'reasonableness' of defendant's conduct, i.e., to determine whether, on the basis of the facts known to the defendant, the institution of the prior action was legally tenable." (*Sheldon Appel Co. v. Albert & Oliker* (1989) 47 Cal.3d 863, 878 (*Sheldon*).) That objective determination is distinct from malice, which "is directly concerned with the *subjective* mental state of the defendant in instituting the prior action." (*Ibid.*) " 'A litigant will lack probable cause for his action either if he relies upon facts which he has no reasonable cause to believe to be true, or if he seeks recovery upon a legal theory which is untenable under the facts known to him.' " (*Soukup, supra*, 39 Cal.4th at p. 292.)

Singh essentially argues he showed defendants lacked probable cause to file the federal action against him and to request the restraining order because his declaration states defendants' allegations were false. We disagree that is sufficient to satisfy his burden. Because we conclude Singh failed to make a prima facie showing that either the federal action or the restraining order request was filed without probable cause, the

trial court correctly granted defendants' anti-SLAPP motion.[4]
(See *Baral, supra,* 1 Cal.5th at pp. 384–385.)

### 1. The Restraining Order Request

With regard to the restraining order request, Singh declared Shivani's petition contained "false . . . allegations" of abuse and the restraining order was ultimately denied. Neither of those amounts to a prima facie showing Shivani filed the request without probable cause.

First, the ultimate denial of Shivani's request for a restraining order, without more, does not mean the request "was not arguably meritorious when it was [brought]," nor that it "was brought without probable cause." (*Jarrow Formulas, Inc. v. LaMarche* (2003) 31 Cal.4th 728, 743.)

Second, nothing in Singh's conclusory declaration demonstrates Shivani's request was legally untenable based upon the facts then known to her or that she had no reasonable cause to believe those facts to be true. Indeed, Singh's declaration is entirely silent regarding what facts Shivani knew when she filed the request and whether she reasonably believed them to be true. (See *Sheldon, supra*, 47 Cal.3d at p. 879 [relevant belief is "the defendant's belief in, or knowledge of, *a given state of facts*"]; see also *id.* at p. 881 [" '[t]he want of probable cause . . . is measured by the state of the defendant's *knowledge*, not by his *intent*' "].) For example, Singh's declaration does not state Shivani had no reasonable cause to believe he made sexually suggestive comments to her, threatened her, touched her, or broke into her house. Singh's declaration amounts to little more than "merely

---

[4] Because we conclude Singh failed to make an adequate showing of probable cause, we need not and do not address the other elements of malicious prosecution.

call[ing] [Shivani] a liar . . . , without evidence," which does not show she lacked probable cause. (*Citizens of Humanity, LLC v. Hass* (2020) 46 Cal.App.5th 589, 600–601 [contrasting with a case where a malicious prosecution plaintiff "proffered significant evidence to support the reasonable inference" the defendant had been a shill plaintiff in underlying lawsuit].)

Moreover, we granted Singh's request to take judicial notice of Shivani's request for the restraining order. Shivani signed that document under penalty of perjury, and it is therefore properly considered in the anti-SLAPP analysis. (See *Sweetwater*, *supra*, 6 Cal.5th at p. 941 [plea forms signed under penalty of perjury can be considered in anti-SLAPP analysis].) Even though it is Singh's burden to demonstrate the minimal merit of his claims at this stage, we note Shivani's sworn statements are some evidence her request for a restraining order was legally tenable under the facts Shivani knew at the time. (See *Sheldon*, *supra*, 47 Cal.3d at p. 881 [pertinent question is whether the court thinks the facts known to the defendant constituted probable cause]; cf. *Soukup*, *supra*, 39 Cal.4th at p. 292 [" '[i]n a situation of complete absence of supporting evidence, it cannot be adjudged reasonable to prosecute a claim' "].)

### 2. The Federal Action

As to the federal action, Singh argues statements in his sworn declaration that "the allegations against him in . . . the Federal Action . . . were completely false" demonstrate defendants "relied on allegations they knew were false," and they therefore lacked probable cause. We disagree. Even if Singh's conclusory assertions of falsity were entitled to some credence, nothing in Singh's declaration tends to show Dahyabhai or Kanta " 'relie[d] upon facts which [they had] no reasonable cause to

believe to be true' " or they sought " 'recovery upon a legal theory which [was] untenable under the facts known to [them].' " (*Soukup*, *supra*, 39 Cal.4th at p. 292.) That is, Singh's declaration falls short for the same reason it did with respect to Shivani's restraining order request: it is silent regarding whether Dahyabhai and Kanta had reasonable cause to believe Singh and Bharat Patel defied their command not to enter their residence while they were in India in 2022, destroyed their belongings, and refused to deliver their mail. And Singh does not argue the legal theories underlying the federal action were untenable on those facts.

Singh's inability to make an adequate showing defendants lacked probable cause when they brought the underlying actions against him fatally undermines his malicious prosecution causes of action.

## DISPOSITION

The judgment is affirmed. Defendants are entitled to costs on appeal. (See Cal. Rules of Court, rule 8.278(a)(1)–(2).)


RICHARDSON, J.

WE CONCUR:

CHAVEZ, Acting P. J.


GOORVITCH, J.*

---

\* Judge of the Superior Court of Los Angeles County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

11